UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO:

MARTIN FERRY, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.

MID-FLORIDA PATHOLOGY, LLC., a
Florida Limited Liability Company,
STRATEGIC BUSINESS OUTSOURCING, LLC.,
a Florida Limited Liability Company, and
OLEKSANDR ONUSHKO, Individually

    Defendants.

_____/

## COLLECTIVE ACTION COMPLAINT

Plaintiff MARTIN FERRY, ("Plaintiff") on behalf of himself and all others similarly situated, by and through his undersigned counsel, brings this collective action under the Fair Labor Standards Act ("FLSA") against MID-FLORIDA PATHOLOGY, LLC., a Florida Limited Liability Company, ("MFP" or "Defendant") STRATEGIC BUSINESS OUTSOURCING, LLC ("SBO" or "Defendant") and OLEKSANDR ONUSHKO, ("OO" or "Defendant")(collectively, "Defendants") as joint employers, and states as follows:

## I.     NATURE OF THE CASE

1.     This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") for Defendants' failure to pay Plaintiff and other current and former similarly situated employees ("class members") overtime wages for all time worked in excess of forty (40) hours in a workweek in violation of the FLSA. Plaintiff brings this suit as a collective action pursuant to Section 216(b) of the FLSA.

2.     The Fair Labor Standard Act of 1938, 29 U.S.C. § 201 et, seq. ("FLSA") was enacted to ensure "the maintenance of the minimum standard of living necessary for health efficiency, and general well-being of workers." 29 U.S.C. § 202(a). The FLSA establishes minimum wage and overtime requirements for covered employees to achieve this broad remedial purpose. 29 U.S.C. §§ 206, 207. These provisions, and the private right of action granted to employees, prevent employers from pilfering rightfully earned wages of employees. *See, Billingsley v. Citi Trends Inc.,* 13-12561, 2014 WL 1199501 (11th Cir. Mar. 25, 2014).

3.     As non-exempt employees, Plaintiff and the class members are entitled to the applicable overtime wage rate for each overtime hour they were suffered and permitted to work by Defendant. *Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.,* 494 Fed. Appx. 940, 942 (11th Cir. 2012) cert. denied, 134 S.Ct. 62 (U.S. 2013) ("To be 'employed' includes when an employer 'suffer[s]

or permit[s] the [employee] to work'").

4.     Plaintiff, Martin Ferry's consent to act as Class Representative in this Section 216(b) is hereby attached as Exhibit A.

## II.     JURISDICTION AND VENUE

5.     Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

6.     This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b).

7.     Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because at least one of Defendants maintains and transacts business in this district, and the events giving rise to Plaintiff's claims occurred in this judicial district.

## III.     PARTIES

### A.     Plaintiff

8.     At all times relevant hereto Plaintiff, Martin Ferry resides in this judicial district.

9.     At all times relevant hereto, Plaintiff, Martin Ferry, handles goods that had moved in interstate commerce on a daily basis driving medical equipment,

supplies and pathology testing to customers of MFP, SBO and OO.

10. At all times relevant hereto, Martin Ferry is a current "employee" of Defendants as that term is defined by the FLSA, 29 U.S.C. §201 *et seq*, as he was suffered and permitted to work as a "courier."

B. **Defendants**

11. At all times material hereto, Defendant, MFP, was conducting business throughout Florida, with its principal place of business in Eustis, Florida.

12. At all times relevant hereto, MFP maintained offices and conducted business throughout Florida and within this judicial district and is therefore within the jurisdiction of this Court.

13. At all times relevant hereto, MFP has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, within the meaning of 3(s)(1)(A).

14. At all times relevant hereto, MFP has two (2) or more employees who have handled goods that moved in interstate commerce.

15. At all times relevant hereto, MFP is Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d).

16. At all times material hereto, Defendant, SBO, was conducting business throughout Florida, with its principal place of business in Eustis, Florida.

17. At all times relevant hereto, SBO maintained offices and conducted business throughout Florida and within this judicial district and is therefore within

the jurisdiction of this Court.

19. At all times relevant hereto, SBO has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, within the meaning of 3(s)(1)(A).

19. At all times relevant hereto, SBO has two (2) or more employees who have handled goods that moved in interstate commerce.

20. At all times relevant hereto, MFP is Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d).

21. Defendant, OO is a citizen and resident of Florida and at all times material hereto, is and was conducting business throughout Florida, with its principal place of business in Eustis, Florida.

22. Defendant, OO has exerted a substantial amount of control over significant aspects of MFP and SBO's day-to-day operations during all relevant time periods.

23. Additionally, Defendant, OO controlled the finances and operations of MFP and SBO.

24. In managing the day-to-day operations of MFP and SBO's, Betancourt made decisions concerning work, staffing, pay policies and compensation.

25. Defendant, OO is engaged in business in the State of Florida, Georgia and Texas.

26. At all times material hereto, Defendants were and continue to be joint "employer[s]" within the meaning of the FLSA.

27. The Defendants acted in all respects material to this action as the agent of the other, carried out a joint scheme, business plan or policy in material respects hereto, and the acts of each Defendant are all legally attributable to each other Defendant.

28. The unlawful acts alleged in this Collection Action Complaint were committed by Defendants and/or Defendants' officers, agents, employees, or representatives, while actively engaged in the management of Defendants' business or affairs and with the authorization of the Defendants.

## IV.   FLSA COVERAGE

> "The requirements to state a claim of a FLSA violation are quite straightforward." *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008). To state a claim under the FLSA for unpaid wages, an employee must allege (1) an employment relationship; (2) that the employer or employee engaged in interstate commerce and (3) that the employer failed to pay overtime compensation and/or minimum wages. *Id.*

### A.   <u>Employment Relationship</u>

29. The FLSA defines the term "employer" to broadly include "any person acting directly or indirectly in the interest of an employer in relation to any employee". 29 U.S.C. 203(d).

30. In addition, MFP and SBO's are in the business of providing pathology/medical services to customers, and that is the service that drivers, such as Plaintiff provides. The drivers' services are fully integrated into MFP and SBO's business.

31. To ensure the highest customer service, satisfaction and companywide uniformity, Defendant, OO dictated and directly managed the work of Plaintiff and other local driver's employment by, not limited to the following:

   a. Decision to hire drivers and conduct background checks:

   b. Provides the tools for training the drivers;

   c. Dictating the manner and type of clothing to wear;

   d. Determining the make, model and style of van to be used;

   e. Monitoring the performance of pre-trip and post-trip delivery van inspections;

   f. Determining and dictating the exact schedule to be followed on a daily basis for all drivers;

   g. Supervising the work of each driver on a daily basis;

   h. Disciplining drivers up to and including termination.

32. On information and belief, MFP and BSO are s under common ownership and/or supervision of OO and are organized for the sole purpose of providing pathology services.

33. On information and belief, Plaintiff was paid BSO.

34. Defendant, MFP, determined Plaintiff's rate of pay, managed payroll, provided Workers' Compensation insurance, and determined the daily routes for each driver.

35. Defendant OO, had all authority to, and regularly exercised that authority to hire or fire, determine rates of pay and manage payroll.

36. Plaintiff and similarly situated drivers were/are dependent on MFP, at a minimum, because MFP provides: (i) all of the pathology services as part of its core business; (ii) driver routes and instructions including when, where how the pathology services are handled; (iii) driver support in the event there is an issue; and (iv) payment of wages through MFP.

37. Based on the foregoing, MFP was/is an employer as defined under the FLSA.

38. Based on the foregoing, OO was/is an employer as defined under the FLSA.

39. Defendants are/were employers as defined under the FLSA.

40. "To be 'employed' includes when an employer 'suffer[s] or permit[s] [the employee] to work.'" See *Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.,* 494 Fed. Appx. 940, 942 (11th Cir. 2012) cert. denied, 134 S.Ct. 62 (U.S. 2013).

41. Plaintiff and others similarity situated were employed by

Defendants.

42. Specifically, Plaintiffs and others similarity situated were suffered and permitted to work driving for MFP on behalf of and for the sole benefit of MFP.

43. Defendants also jointly employed Plaintiffs and other similarity situated delivery drivers.

44. At all times material to this action Defendants directly or indirectly, controlled and directed all aspects of the day to day employment of Plaintiffs and all others similarly situated delivery drivers, including: (i) timekeeping; (ii) payroll; (iii) disciplinary actions; (iv) employment policies and procedures; (v) scheduling and hours; (vi) terms of compensation; (vii) human resources; (viii) hiring and firing; (vii) working conditions; and (viii) manner and method of such drivers' performance of their duties.

### B. Enterprise and Individual Coverage

45. The [FLSA] requires an employer to pay overtime compensation to an hourly worker if the employee can establish individual or enterprise coverage." Silver v. Dr. Neal Krouse, D.O., P.A., 2007 WL 4098879 *2 (S.D. Fla. Nov. 16, 2017)(citing Thorne v. All Restoration Svcs., Inc., 448 F.3d 1264, 1265 (11th Cir. 2006).

46. Defendants are an enterprise as defined within section 203(r)(1) of the FLSA. *See* supra ¶¶13-14.

47. FLSA enterprise coverage requires that an enterprise have "employees engaged in commerce or in the production of goods for commerce," or have "employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce." 29 U.S.C. § 203(s)(1)(A)(emphasis added); *See Polycarpe. V. E&S Landscaping Service, Inc.*, 616 F.3d 1217, 1222-26 (11th Cir. 2010). Additionally, the enterprise must have greater than $500,000 in "annual gross volume of sales made or business done." *Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.*, 2008 WL 793660, at *2 n.6 (M.D. Fla. Mar. 24, 2008). Because today nearly all goods and materials are moved in or produced via interstate commerce, "virtually every business meeting the annual gross value requirement" is subject to enterprise coverage.

48. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce and have at least two employees that handle or work on goods or materials that have been moved in or produced for commerce. 29 U.S.C. § 203(s).

49. Defendants provide pathology services to customers in Florida, Georgia and Texas.

50. At all times relevant hereto, Defendants had an annual gross volume of sales or did business of more than $500,000.00 per year.

51. Therefore, at all material times relevant to this action, Defendants are/were an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## COLLECTIVE ACTION ALLEGATIONS

52. Plaintiff brings this lawsuit pursuant to 29 U.S.C. §216(b) as a collective action on behalf of the Defendants' driver class.

53. Plaintiff and the other class members were all local drivers and performed the same or similar job duties as one another in that they provided local service at the direction and on behalf of the Defendants.

54. Further, Plaintiff and the other class members were subjected to the same provisions in that they were all automatically deducted one (1) hour of pay per day for one or more automatic meal break(s), although Plaintiff and Defendants' other drivers did not actually take these breaks.

55. The class of similarly local delivery drivers employed by Defendants who may become Plaintiffs in this action are current and former employed local drivers of Defendants who are and who were subject to the payroll practices and procedures of Defendants.

56. The class of current and former similarly situated drivers employed by Defendants is readily identifiable from records maintained by Defendants and necessarily will present legal and factual issues which are nearly the same, if not identical to those presented by Plaintiff.

57. Defendants' policy or practice was applicable to Plaintiff and all current and former similarly situated drivers employed by Defendants, which resulted in the non-payment of overtime to Plaintiff, and which applies and continues to apply to all class members. Accordingly, the class members are identified properly as:

> All drivers who worked for Defendants to provide local pathology services within the three-year period preceding the filing of this Complaint, who were automatically deducted one (1) hour of pay per day for one or more automatic meal break(s), although they did not actually take these one (1) hour uninterrupted breaks.

58. Defendants have acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

59. Defendants have failed to maintain accurate records of Plaintiff and the class members' work hours in accordance with the law.

60. Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

    a.    The time of day and day of week on which the employees' work week begins;

  b. The regular hourly rate or pay for any workweek in which overtime compensation is due under Section 7(a) of the FLSA;

  c. An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

  d. The hours worked each workday and total hours worked each workweek;

  e. The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive or premium overtime compensation;

  f. The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

  g. The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

  h. The dates, amounts, and nature of the items which make up the total additions and deductions;

  i. The total wages paid each pay period; and

     j.  The date of payment and the pay period covered by payment.

61. Because Defendants' records are inaccurate and/or inadequate, Plaintiff and class members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g., Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946).

### COUNT I

**Violation of the FLSA – Overtime Wages**
*Plaintiff on behalf of himself and other similarly situated Employees*

Plaintiffs incorporate and re-allege paragraphs 1 through 61 as though set forth herein.

62. This Count arises from Defendants' violation of the FLSA for their failure to pay Plaintiff and the class members one and a half times their regular rate of pay for all time worked in excess of forty (40) hours in a work week.

63. Defendants' FLSA violation was undertaken willfully and with reckless disregard of clearly applicable FLSA provisions.

64. Defendants directed Plaintiff and the class members to work, and

Plaintiffs did work, in excess of forty (40) hours in individual workweeks within the three (3) years prior to filing this lawsuit.

65. Plaintiff and the and the class members were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

66. Defendants did not pay Plaintiff, and the class members overtime wages for all overtime hours worked in excess of forty (40) hours in individual workweeks.

67. Defendants' failure to pay Plaintiff and the class members overtime wages for all time worked in excess of forty (40) hours in individual workweeks was a violation of the FLSA.

68. Defendants failed to keep adequate records of Plaintiff and the class members' work hours and pay in violation of section 211(c) of the FLSA. 29 U.S.C. § 211(c).

69. Plaintiff and the class members are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendants' violation of the FLSA was willful.

## V.  FACTUAL BACKGROUND

70. Defendant's own and operate a carrier and logistics business and among other activities, provides vans to provide pathology services to customers in Florida.

71. Plaintiff and the class members transported merchandise designated by and for Defendants that originated from locations outside of the State of Florida for local deliveries in vehicles weighing less than 10,000lbs.

72. Plaintiff and the class members worked for Defendants as drivers to provide pathology services to customers in Florida.

73. Defendants' annual gross revenues are believed to be in excess of $500,000.00 for each year of the relevant FLSA three (3) year statute of limitations.

74. During all material times hereto, Plaintiff was a non-exempt employee of Defendants, within the meaning of the FLSA.

75. Plaintiff is employed by Defendants since approximately January 2020.

76. Defendants agreed to pay Plaintiff and the other similarly situated current and former similarly situated drivers of Defendants an hourly rate of pay.

77. During his employment, Plaintiff and other the class members regularly worked in excess of forty (40) hours in individual workweeks.

78. Defendants' would automatically deduct one (1) hour of pay from Plaintiff and other similarly situated drivers' pay for one or more automatic meal break(s), although Plaintiff and Defendants' other drivers did not actually take these breaks.

79. Defendants made the automatic meal break deduction even though,

on almost every workday Plaintiff and other the class members worked through their meal break, which included completing scheduled deliveries to customers of Defendants on time.

80. Plaintiff and other similarly situated employees' meal break activities-which totaled 5 hours during a typical workweek, predominately benefited Defendants.

81. Because Plaintiff and other the class members were/are full-time employees and often worked at least forty (40) hours per workweek-most of the uncompensated meal break would constitute overtime work under the FLSA.

82. By failing to pay Plaintiff and other the class members for all overtime hours worked, Defendants acted willfully and with reckless disregard of clear applicable FLSA provisions.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of those similarly situated current and former employees prays for a judgement against Defendants as follows:

A. That the Court determine that this action may be designated and maintained as a collective action pursuant to Section 216(b) of the FLSA, and prompt issuance of notice pursuant to Section 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims by filing individual consent forms pursuant to

Section 216(b);

B.      A judgment in the amount of all unpaid overtime wages owed to Plaintiff, and the class members;

C.      Liquidated damages in the amount equal to the overtime wages for Plaintiff and the class members;

D.      Reasonable attorneys' fees and costs of this action as provided by the FLSA;

E.      Such other and further relief as this Court deems appropriate and just.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 23rd day of May 2023.

Respectfully submitted,

*/s Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No.: 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, FL 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail:

noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO:

MARTIN FERRY, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.

MID-FLORIDA PATHOLOGY, LLC., a
Florida Limited Liability Company,
STRATEGIC BUSINESS OUTSOURCING, LLC.,
a Florida Limited Liability Company, and
OLEKSANDR ONUSHKO, Individually

    Defendants.

_____/

**CONSENT TO BECOME PARTY PLAINTIFF**

    I, MARTIN FERRY, consent to become the party plaintiff in the above-styled Lawsuit.

Dated this __05/23/2023__ day of May 2023

Signature: _Martin Ferry_ (signature)

Print: __Martin Ferry__