UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**MARTIN FERRY, on behalf of himself
and all others similarly situated**

    **Plaintiff,**

v.                                                        Case No: 5:23-cv-327-PRL

**MID-FLORIDA PATHOLOGY, LLC.,
STRATEGIC BUSINESS
OUTSOURCING, LLC., and
OLEKSANDR ONUSHKO,**

    **Defendants.**

## ORDER

At issue before the Court is Plaintiff's motion requesting conditional certification of this case as a collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b). (Doc. 45). Previously, Plaintiff sought approval of a settlement between himself, Defendants, and yet-to-be-identified (and joined) collective-action members. (Doc. 38). Because of the parties' failure to follow this District's two-tiered approach to approving settlement agreements in FLSA collective actions, the Court denied the plaintiff's motion without prejudice. (Doc. 39).

In that Order, the Court set forth this District's two-tiered approach to FLSA collective action settlements, including that at the first step, the parties must move for conditional certification of the collective action. (Doc. 39 at 3 (quoting *Ruddell v. Manfre*, No. 3:14-CV-873-J-34MCR, 2015 WL 12859415, at *1 (M.D. Fla. May 6, 2015)). Importantly, that Order stated that, at the first step, where there is already a proposed settlement, the motion for conditional certification "**should also request authorization to provide notice of the**

**proposed settlement to potential members** of the collective action." (Doc. 39 at 3–4 (quoting *Ruddell*, 2015 WL 12859415, at *1) (emphasis added)).[1]

The current motion—based on the title of it and as repeated in the first paragraph—asks the Court for "Conditional Certification and to transmit court-authorized settlement notice." (Doc. 45). However, while the most recent motion requests conditional certification of the collective action, it does not actually request authorization to notify putative collective members of the proposed settlement. It is important that the putative collective members receive notice of the proposed settlement so that they have an opportunity to object to its terms. (Doc. 39 at 4 (quoting *Ruddell*, 2015 WL 12859415, at *1)). The notice that is attached to the current motion does not mention a possible settlement, and the Court cannot interpret it or re-write it to provide the putative collective members an opportunity to object to the potential settlement (particularly given that the Court has no role in negotiating a possible settlement and thus lacks information on the currently proposed terms). (Doc. 45-1).

Also, the current motion fails to propose a timeline for Plaintiff to mail the notices. Although the motion and notice are not defective due to this (unlike the omission of the possible settlement), it places the Court in the position of determining an appropriate timeline without any insight from Plaintiff's counsel. If the plaintiff renews his motion for conditional certification, his counsel should advise the Court of a proposed timeline to mail the notices, to avoid the risk of counsel having insufficient time.

---

[1] At the second step, after "the opt-in period, the parties must seek final certification of the collective action and approval of the settlement." (Doc. 39 at 4 (quoting *Ruddell*, 2015 WL 12859415, at *1)).

Accordingly, the current motion and the attached notice are defective, and thus the plaintiff's motion (Doc. 45), is **denied without prejudice**. The plaintiff shall have **fourteen days** from the entry date of this Order to file a renewed motion for conditional certification which complies with the law as set forth above and as previously provided by the Court. *See* (Docs. 39 & 40).

**DONE** and **ORDERED** in Ocala, Florida on July 10, 2024.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties