**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**MARTIN FERRY, on behalf of himself**
**and all others similarly situated**

    Plaintiff,

v.                                                       Case No: 5:23-cv-327-PRL

**MID-FLORIDA PATHOLOGY, LLC.,**
**STRATEGIC BUSINESS**
**OUTSOURCING, LLC. and**
**OLEKSANDR ONUSHKO,**

    Defendants.

_____

**ORDER**

At issue before the Court is the parties' stipulated motion requesting conditional certification of this case as a collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b). (Doc. 47). Previously, Plaintiff sought approval of a settlement between himself, Defendants, and yet-to-be-identified (and joined) collective-action members. (Doc. 38). Because of the parties' failure to follow this District's two-tiered approach to approving settlement agreements in FLSA collective actions, the Court denied the plaintiff's motion without prejudice. (Doc. 39). The plaintiff then filed a motion attempting to comply with the first step in the two-tiered approach, but again, the motion was deficient, and thus, it was denied without prejudice. (Docs. 45 & 46). The parties' instant motion still does not comply with the first step, and thus, it is **denied without prejudice**.

It is unclear why the parties are having such a difficult time complying with the first step in the FLSA collective-action settlement process. The parties have been told **twice** that the motion for conditional certification must "provide notice of the proposed settlement to

potential members of the collective action." *Ruddell v. Manfre*, No. 3:14-CV-873-J-34MCR, 2015 WL 12859415, at *1 (M.D. Fla. May 6, 2015). But, again, the parties have not done so. While the parties claim that based on a southern district of Florida case, the provided notice is sufficient, in that action, there was already conditional certification of the collective action when the parties reached an agreement on settlement terms. *See* (Doc. 47 at 5 n.2) (citing two southern district of Florida cases, but only providing the case number for one).

In contrast, this Court has repeatedly directed the parties to *Ruddell*, where the terms of the proposed settlement were set forth in the notice to the putative class members. *See id.*, (Doc. 47-2 at 4–5). Here, the settlement notice alludes to a proposed settlement, but it lacks any meaningful discussion of the terms of that settlement.[1] (Doc. 47-2 at 3). As **previously stated by this Court, the putative class members must have an opportunity to object to the terms of the proposed settlement.** (Doc. 39 at 3–4). And, even if the parties had provided the proposed settlement terms, they do not suggest a time frame for raising objections. *Lochren v. Horne LLP*, No. 6:21-CV-1640-WWB-LHP, 2023 WL 5934541, at *2 (M.D. Fla. Aug. 9, 2023) (denying conditional certification of collective action settlement where parties did not provide a objections period).

Accordingly, the parties' joint motion for conditional certification and settlement notice to putative class members is **denied without prejudice**. The parties shall have **seven days** from the entry date of this Order to comply with the law in this District. If the parties cannot adhere to the two-tiered process, they should review *Lochren* for a multitude of options

---

[1] The "claim form" provided by the parties also alludes to "Released Claims as defined in Section B of the Notice[,]" but the notice does not contain a section B, and it does not mention any released claims (and neither does the claim form). (Doc. 47-2 at 3).

(such as not proceeding as a collective action, or seeking conditional certification only) and advise the Court accordingly before the **seven day window elapses.**

**DONE** and **ORDERED** in Ocala, Florida on July 26, 2024.

                                            PHILIP R. LAMMENS
                                            United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties