# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**MARTIN FERRY, on behalf of himself
and all others similarly situated,**

    Plaintiff,

v.                                                              Case No: 5:23-cv-327-PRL

**MID-FLORIDA PATHOLOGY, LLC.,
STRATEGIC BUSINESS
OUTSOURCING, LLC. and
OLEKSANDR ONUSHKO,**

    Defendants.

## ORDER

Plaintiff Martin Ferry filed this collective action Complaint, on his own behalf and all others similarly situated against Defendants, pursuant to the Fair Labor Standards Act, 29 U.S.C. 201, et seq. ("FLSA"). Plaintiff alleges that Defendants violated the FLSA by auto-deducting lunches and by failing to record and/or properly calculate actual hours worked by couriers or drivers in one or more work weeks during the relevant period. More than eight months ago, in December 2023, Plaintiff notified the Court that the parties had reached a settlement. (Doc. 35). The parties have filed several motions to approve the settlement and conditionally certify the class (Docs. 38, 45, 47), all of which have been denied for various insufficiencies. (Docs. 39, 46, 48). Now, the parties have filed their Joint Motion of Approval of Third Amended Collective Action Settlement Agreement. (Doc. 53).

The Court has repeatedly explained that it applies a two-tiered approach to collective action settlements. Specifically, the parties must first move for conditional certification of a collective action so that they can notify the potential class members of the collective action.

Upon the motion being granted, the parties then issue the notice and class members will have the opportunity to opt-in and/or object to the proposed settlement. Then, after the opt-in period has ended, the parties must seek final certification of the collective action and approval of the settlement, at which point the Court will hold a final hearing to approve the settlement (and consider any objections). While the most recent version of the settlement agreement appears to contemplate a two-tiered approach, the two-step process must be set forth more clearly in the agreement, as well as in the notice documents to the potential class members.

### A.     Amended Class Settlement Agreement and Release (Doc. 53-1)

The Amended Class Settlement Agreement and Release (Section 2(k)) must be revised to state that after the parties have filed their joint motion seeking final certification and approval of the settlement agreement, the Court will conduct a hearing to approve the settlement. And further, it must be revised to clarify that the Court—and not counsel—will consider and address objections, if any, at the final hearing. (Section 2(i)).

In addition, the Court declines to approve Plaintiffs' counsel's request for $135,000.00 in attorney's fees and costs (more than 40% of the total settlement amount) at this time. As the Court has previously explained, the Court is unable to evaluate the reasonableness of the requested fees without knowing the size of the class. (Doc. 39 at 5). Accordingly, the Settlement Agreement should be revised to clarify that Plaintiff's counsel intends to request an award of attorney's fees and costs totaling $135,000.00," but that the request must be approved by the Court at the final certification stage. (Section 2(b). In addition, Section 2(m) should be clarified to state that the attorney's fees sent to class counsel will be those approved by the Court.

Finally, the Amended Class Settlement Agreement and Release states that the total settlement amount is $325,000.00, but the various component payments listed total $310,000.00. (Doc. 53-1 at 3-4). Presumably, the total amount includes the general release between Martin Ferry and Defendants (Doc. 53-2), but that is not accounted for in the Settlement Agreement. Moreover, there are typographical errors in Section 2(a) (payment to Martin Ferry is listed inconsistently as $10,000.00 and $14,910.00) and Section 2(b) (Attorneys' fees and costs are inconsistently listed as $135,000 and $1,305,000.00). These errors must be corrected.

### B.    Notice of Proposed Settlement (Doc. 53-3)

Likewise, the Notice must be amended to clearly advise the potential class members about the two-tier process. As currently drafted, there is no mention that the parties must seek final court approval of the settlement after the opt-in period ends, or that the Court will be conducting a fairness hearing to approve the settlement (and address any objections raised by potential class members). It must be clear that settlement is effective only upon approval of the Court. In addition, the Notice should clearly state the terms of the proposed settlement, including the total common fund and a breakdown of the proposed payments. The parties are **directed** to review the Notice approved by Judge Howard in *Ruddell v. Manfre*, 3:14-cv-873-MMH-MCR, **Doc. 52-1** (M.D. Fla. Aug. 14, 2015), and to utilize it as a model.[1]

### C.    Conditional Certification

In efforts to expedite the approval process, which has now dragged on for months, the parties' joint amended motion (Doc. 53) is **GRANTED** as follows:

---

[1] Once the parties submit the revised documents, the Court will provide a date and time for the fairness hearing so that it can be included in the Notice provided to potential class members.

1. The Court conditionally certifies the following class under 29 U.S.C. § 216(b):

   All hourly paid couriers or drivers employed by Mid-Florida Pathology, LLC, Strategic Business Outsourcing, LLC, or Oleksandr Onushko from May 23, 2021, through the present, who were not compensated at one-and one-half times their regular rate of pay for all overtime hours worked as a result of auto-deducted lunch breaks.

2. The Court authorizes the parties to provide notice to the Class subject to the parties filing a revised Settlement Agreement (Doc. 53-1) and revised Notice of Proposed Settlement (Doc. 53-3). The parties shall revise these documents as stated above. The parties shall not distribute notice to the Class unless and until the Court enters an Order approving the documents as revised.

3. The parties are directed to confer and provide the Court with the revised documents on or before **September 13, 2024.**

**DONE** and **ORDERED** in Ocala, Florida on August 28, 2024.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties