# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**MARTIN FERRY, on behalf of himself and all others similarly situated**

    Plaintiff,

v.                                                                                                  Case No: 5:23-cv-327-PRL

**MID-FLORIDA PATHOLOGY, LLC., STRATEGIC BUSINESS OUTSOURCING, LLC. and OLEKSANDR ONUSHKO,**

    Defendants.

## ORDER

This matter is before the Court on the parties' Joint Motion for Final Approval of Third Amended Collective Action Settlement Agreement. (Doc. 68). On August 28, 2024, the Court conditionally certified a class under 29 U.S.C. § 216(b) and authorized the parties to provide notice to the Class subject to the parties filing a revised settlement agreement and revised Notice correcting various deficiencies. (Doc. 54). On September 18, 2024, the parties filed the revised documents, and the next day the Court entered an Order authorizing Plaintiff to distribute the Notice and consent forms. (Docs. 57, 58). The Court directed Plaintiff to file any consents to join and any objections by November 27, 2024, and to file a joint motion for final certification and approval of the settlement by December 2, 2024. (Doc 64). The Court set this matter for a final fairness hearing on December 9, 2024. (Doc. 61).

Pursuant to the Court's Orders, the Notice and consent forms were distributed on October 21, 2024, to the seventy-four (74) current/former Courier/Drivers for Defendants. The Court's thirty-five-day deadline to opt-in to the case and/or submit an objection was

Monday, November 25, 2024. A total of forty class members, including Plaintiff Martin Ferry, have filed consent forms. (Doc. 66). The parties represent that no objections were made by any putative class member. The parties have now filed their Joint Motion for Final Approval of the Third Amended Collective Action Settlement Agreement, as well as a chart listing the total payout for each opt-in plaintiff.

Based on these filings, and given the lack of objections, the Court can resolve this matter on the papers without the necessity of the final hearing.

### I. Final Certification

Prior to approving a class settlement under the FLSA, the Court must determine whether final certification is appropriate. *See Burton v. Util. Design, Inc.,* No. 6:07-cv-1045- Orl-22KRS, 2008 WL 2856983, at *2 (M.D. Fla. July 22, 2008) (*citing Anderson v. Cagle's, Inc.,* 488 F.3d 945, 953 (11th Cir. 2007)). "The FLSA authorizes collective actions against employers accused of violating the FLSA." *Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1258 (11th Cir. 2008) (citing 29 U.S.C. § 216(b)). Specifically, 29 U.S.C. § 216(b) provides that "'[a]n action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.'" *Id.* (quoting 29 U.S.C. § 216(b)) (alterations in Morgan). Accordingly, "to maintain a collective action under the FLSA, plaintiffs must demonstrate that they are similarly situated." *Id.* (citing *Anderson*, 488 F.3d at 952).

The Eleventh Circuit Court of Appeals has "suggested that district courts deciding whether to certify a collective action [under § 216(b)] engage in a two-stage analysis . . . ." *Anderson*, 488 F.3d at 952 (*citing Hipp v. Liberty Nat'l Life Ins. Col, 252 F.3d 1208, 1218*).

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives—i.e. the original plaintiffs—proceed to trial on their individual claims.

*Cameron-Grant v. Maxim Healthcare Services, Inc.,* 347 F.3d 1240, 1243 n.1 (11th Cir. 2003) (*quoting Hipp*, 252 F.3d at 1218).

Here, the Court applies the second stage of the two-tiered analysis—that is, a determination as to whether the claimants are similarly situated. At the second stage, a court considers factors "such as: (1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant[s] [that] appear to be individual to each plaintiff; [and] (3) fairness and procedural considerations"—the "more legally significant differences appear amongst the opt-ins, the less likely it is that the group of employees is similarly situated." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1261 (11th Cir. 2008) (quotation omitted).

Here, the parties agree that the class members—like the named Plaintiff, Ferry—were all courier/drivers for Defendants within the defined class period and that their lunches were auto-deducted from the hours they worked without keeping track of the actual hours they worked. Based on the foregoing, the Court finds that Plaintiff and those individuals that have opted-in to this action are similarly situated and final certification is appropriate.

## II. Approval of Settlement

Upon due consideration of the terms of the Third Amended Settlement Agreement, the Court finds that Plaintiff was represented by counsel; that there exists a genuine dispute between the parties; that the amounts agreed upon represent a full and complete settlement of all pending claims; that attorney's fees are encompassed by the agreement; and that the compromise is a fair and reasonable resolution of a bona fide dispute over the FLSA provisions.[1]

However, Plaintiff's request to recover costs in the amount of $2,932.47 is not approved. Indeed, "in an FLSA action, it is error for a district court to award costs in excess of those permitted by § 1920." *King v. My Online Neighborhood, Inc.,* No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007). Here, the only requested costs that

---

[1] In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorney's fees, but it is not required to conduct "an in depth analysis . . . unless the unreasonableness of such award is apparent from the face of the documents." *King v. My Online Neighborhood, Inc.,* No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007) (*quoting Perez v. Nationwide Protective Servs.,* Case No. 6:05-cv-328-ORL-22JGG (Oct. 31, 2005)). As the total fee award sought in this case is not patently unreasonable and Defendants do not contest the reasonableness of the award, the Court has not conducted an in-depth analysis of the attorney's fees sought. Accordingly, the award of attorney's fees in this action does not reflect a determination that the hourly rate charged by Plaintiff's counsel constitutes a reasonable hourly rate in this or any applicable market.

- 5 -

are expressly authorized by § 1920 are: $400 filing fee; and $292.50 copies. Thus, costs are approved in the amount of **$692.50.**

Accordingly, it is hereby **ORDERED**:

1. The Hearing set for December 9, 2024, is **CANCELED.**

2. The Joint Motion for Final Approval of Third Amended Collective Action Settlement Agreement (Doc. 68) is **GRANTED to the extent stated in this Order**.

3. The Third Amended Settlement Agreement and Release (Doc. 68-1) is **APPROVED**.

4. This case is **DISMISSED** with Prejudice and the Clerk is directed to close the file.

**DONE** and **ORDERED** in Ocala, Florida on December 4, 2024.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties